HOLLOWAY, appellant, v. STEPHENS *et al.*

*Evidence — contract — measure of damages.*

A contract between an advertiser and an advertising agent, in respect to the insertion of advertisements in various newspapers, contained the following : " And it is distinctly understood and agreed upon by the signer hereof, that the schedule papers must have been in existence as newpapers twelve months, and that no advertisements must be inserted in them of Holloway's preparations, if his advertisement is already therein when offered by said Stephens, or wanting these two essential points, this contract will be null and void." In an action wherein the advertising agent in his answer claimed damages, by reason of the refusal of the advertiser to carry out the contract ; *held,* that it was necessary for the advertising agent to show that the papers in which he had been prevented from advertising by plaintiff's repudiation were such as had been in existence " as newspapers" for twelve months, and that " Holloway's preparations " were not already advertised in them. ·The finding of the referee, was that the advertising agent was entitled to $135,355.44 damages, declared to be the estimated profits the agent would have received, at the end of two years, if the contract had been fully carried out. The estimate was made upon a total of 217 newspapers, and the gross aggregate of charges, after making certain deductions, was estimated to be $270,710.88, of which the agent was allowed 50 per cent. There was no proof of the existence of the newspapers ; that they had been in existence the time required by the contract ; that the advertiser's advertisements were not already in them ; that they were ready and willing to insert advertisements as low as the estimated cost of publishing, or that they were permanent, and would have been able to have continued the advertisements for the time stipulated. *Held,* that the measure of damages was

altogether too speculative and conjectural, and 'that the judgment entered upon the report of the referee should be reversed.

APPEAL from a judgment in favor of defendant, for $171,237.43, entered upon the. report of a referee. The complaint asked that defendant be restrained from continuing or bringing any' actions against plaintiff, by reason of any claim, under certain agreements made in behalf of plaintiff, between plaintiff's. attorney, who was also joined as defendant, and an advertising agent the other defendant, and asking that such agreements be declared null and void, and demanded an· accounting. The advertising agent claimed damages for $200,000, in his answer.

*S. P. Nash* and *M. B. Maclay*, for appellants.

*A. J. Vanderpoel* and *T. B. Eldridge*, for respondents.

DAVIS, J.

The opinion contains only a review of the evidence taken before a referee, and the conclusions noted in the head note, and it is believed unnecessary to publish the same at length. ,

*Judgment reversed and new trial ordered.*